UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD BUCHANAN,<br><br>            Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the<br>Social Security Administration,<br><br>            Defendant. | ) NO. CV 04-9735-MAN<br>)<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

    Plaintiff filed a complaint, pursuant to 42 U.S.C. §§ 405(g) and 1383(c), on December 8, 2004, seeking review of Defendant's decision to deny his claim for social security benefits ("Complaint").  On December 10, 2004, the Court issued its Case Management Order for this action, which set an orderly schedule for the progress of this litigation (the "CMO").

    The CMO required, among other things, that Plaintiff promptly serve Defendant with process and file a proof of service with the Court.  The CMO also established a schedule for the parties' actions once service of

process had occurred. Plaintiff thereafter served Defendant with process and filed the required proof of service with the Court. On May 10, 2005, Defendant filed a notice establishing that the certified administrative record had been served on counsel for Plaintiff, as required by the CMO. Under Paragraphs V-VI of the CMO, this action triggered deadlines by which the parties were to engage in good faith settlement negotiations and either file a stipulation resolving this matter or, of a settlement could not be reached, a Joint Stipulation presenting the issues to be decided by the Court.

On August 10, 2005, the Court granted the motion of Plaintiff's counsel to withdraw as attorney of record.[1] In its August 10 Order, the Court extended the deadlines for action set forth in the CMO by 30 days. As a result of the extension of time afforded by the August 10 Order, certain actions were required to be taken by no later than October 5, 2005, in order for this case to move forward.

Plaintiff did not comply with this obligation. Indeed, he took no action by the October 5, 2005 deadline or subsequently. On March 23, 2006, the Court issued an Order to Show Cause regarding Plaintiff's failure to prosecute this case ("OSC"). The OSC advised Plaintiff that this action was subject to involuntary dismissal, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, because of his failure to prosecute the case. The OSC directed Plaintiff to file a response by no later than April 14, 2006, showing cause why this case should not be

---

[1] Counsel sought to withdraw because: she formed the opinion that continued prosecution of the action might violate Rule 11 of the Federal Rules of Civil Procedure; and she was unable to communicate with Plaintiff, despite mail and telephone efforts.

dismissed. The OSC cautioned Plaintiff that his **failure to respond to this Order by the April 14, 2006 deadline <u>will</u> result in a dismissal of this case for failure to prosecute**" (emphasis in original).

Plaintiff's time to respond to the OSC expired six days ago. Plaintiff has neither responded to that order nor requested an extension of time to do so, and he has not communicated with the Court at all.[2] Given that Plaintiff was warned that dismissal <u>would</u> result if he failed to timely respond to the Court's OSC, and given Plaintiff's failure to otherwise communicate with the Court since his counsel was permitted to withdraw over seven months ago, it appears that Plaintiff no longer wishes to prosecute this action.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994); <u>Henderson v. Duncan</u>, 779

---

[2] A review of the docket for this action reveals that the OSC was sent to Plaintiff at his address of record and has not been returned by the United States Post Office. Accordingly, the Court presumes that Plaintiff received the OSC.

F.2d 1421, 1423 (9th Cir. 1986).

Dismissal of this case without prejudice is warranted under Rule 41(b). Plaintiff's failures to comply with the CMO and the OSC or to otherwise communicate with the Court necessarily implicate both the interest in expeditious resolution of litigation and the Court's need to manage its docket efficiently -- the first and second factors.  *See* Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002);  *see also* Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999). Plaintiff's failure to undertake the actions required by the CMO has caused this action to come to a halt, thereby impermissibly "allowing Plaintiff to control the pace of the docket rather than the Court." *Id.* The fifth factor also weighs in favor of dismissal, as the OSC specifically admonished Plaintiff that a failure to respond would result in the dismissal of this action. Although Plaintiff was provided with the opportunity to request that this action continue, he ignored it. *See* Ferdik, 963 F.2d at 1262.[3]

A balancing of these factors, therefore, leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See* Ferdik, 963 F.2d at 1263 (dismissal appropriate where supported by three factors); Henderson, 779 F.2d at 1425 (same).

---

[3] The Court notes that the third factor -- possible prejudice to the opposing party -- is, at best, neutral to Plaintiff. While the Court, on the record before it, cannot ascertain whether Plaintiff's dilatoriness actually has resulted in any concrete prejudice to Defendant, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See* Eisen, 31 F.3d at 1452-53; Moore v. Teflon Communications Corp., 589 F.2d 959, 967-68 (9th Cir. 1978); Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).

4

    Accordingly, IT IS ORDERED that this action shall be dismissed without prejudice, pursuant to Rule 41(b), for lack of prosecution.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Memorandum Opinion and Order and the Judgment herein on Plaintiff and counsel for Defendant.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 20, 2006.

                                         /s/
                              MARGARET A. NAGLE
                    UNITED STATES MAGISTRATE JUDGE